```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
In re:                              E.D. Bankr. Case No.
                                    09-72069 (AST)

JAN RASMUSSEN and CHERYL
RASMUSSEN,                          MEMORANDUM & ORDER
                                    10-CV-4173 (JS)
                Debtors.
--------------------------------X
APPEARANCES:
For Appellant:  Anthony C. Acampora, Esq.
                Silverman, Acampora LLP
                100 Jericho Quadrangle, Suite 300
                Jericho, NY 11753

For Appellees: Craig D. Robins, Esq.
               Law Office of Craig D. Robins
               180 Froehlich Farm Blvd.
               Woodbury, NY 11797
```

SEYBERT, District Judge:

Appellant Kenneth P. Silverman (the "Trustee") is Jan and Cheryl Rasmussen's ("Debtors") Chapter 7 Trustee. The Bankruptcy Court denied the Trustee's motion to disallow the Debtors' claimed homestead exemption and the Trustee appealed. For the reasons that follow, the Bankruptcy Court's decision is AFFIRMED.

BACKGROUND

The facts underlying this appeal are straightforward and undisputed. Debtors reside at 56 Horn Lane, Levittown, New York (the "Premises"). They own a vested remainder fee interest in the Premises subject to a life estate owned by Jan Rasmussen's mother, Jeannette. The Premises is Debtors'

principal residence; they reside there with Jeannette and pay her $600 monthly rent.

Debtors filed for Chapter 7 relief on March 27, 2009. Their remainder interest in the Premises is their only asset. Debtors claimed a homestead exemption for the Premises, and the Trustee objected.

In an opinion by United States Bankruptcy Judge Alan S. Trust, the Bankruptcy Court ruled that Debtors could claim their remainder interest as a homestead. (Bankruptcy Order dated July 20, 2010 (the "Bankruptcy Order").) The Bankruptcy Court reasoned that Debtors' remainder interest in the Premises qualified for the exemption because New York's homestead exemption statute, New York Civil Practice Law and Rules Section 5206 ("Section 5206"), does not specify which types of ownership interests are exemptible. Inasmuch as a future interest in real property is descendible, devisable, and alienable to the same degree as estates in possession, the Bankruptcy Court concluded, Debtors' interest is an ownership interest and therefore exemptible. In the Bankruptcy Court's view, this outcome was particularly apt in light of a court's duty to construe the homestead statute in Debtors' favor to effectuate its purpose. (See Bankruptcy Order at 6.)

DISCUSSION

The issue in this appeal is whether vested remaindermen who occupy real property as their principal residence and pay rent to the life tenant with whom they share a home may claim the real property as a homestead exemption under Section 5206. The Bankruptcy Court, in a case of first impression, concluded in a thoughtful and well-reasoned decision that they may. For the reasons that follow, the Bankruptcy Court's decision is AFFIRMED.

I. Standard of Review

The Court reviews a Bankruptcy Court's conclusion of law de novo. See, e.g., In re Jackson, 593 F.3d 171, 176 (2d Cir. 2010).

II. Debtors may Exempt the Premises

New York's homestead exemption statute, which applies in this case because New York has "opted out" of the exemptions listed in the federal Bankruptcy Code, see 11 U.S.C. § 522(b); N.Y. D.C.L. § 284; see also, e.g., In re Martinez, 392 B.R. 530, 531 (Bankr. E.D.N.Y. 2008), provides in pertinent part:

> (a) Exemption of homestead. Property of one of the following types, not exceeding one hundred fifty thousand dollars for the counties of Kings, Queens, New York, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester and Putnam; one hundred twenty-

3

> five thousand dollars for the counties of Dutchess, Albany, Columbia, Orange, Saratoga and Ulster; and seventy-five thousand dollars for the remaining counties of the state in value above liens and encumbrances, <u>owned and occupied as a principal residence</u>, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
>
> 1. a lot of land with a dwelling thereon . . . .

N.Y. C.P.L.R. § 5206(a) (emphasis added). It is undisputed that Debtors occupy the Premises as their principal residence. The only issue, then, is whether Debtors "own" the Premises within the meaning of this provision. The Court concludes that they do.

In interpreting a statute, the Court begins with the statute's words. See Skubel v. Fuoroli, 113 F.3d 330, 335 (2d Cir. 1997) ("In interpreting a statute, we begin with the text of the statute and apply the ordinary, contemporary, common meaning of the words used.") (internal quotations marks omitted). Nothing in Section 5206 specifies what type of ownership interest is required to exempt a particular piece of real property, and "ownership" is not defined in New York's statutes. In re Martinez, 392 B.R. at 531-32. The Trustee argues that a debtor must have an ownership interest that

4

conveys a present right of possession (Trustee Br. at 7), but such a requirement is not apparent from the face of the statute and he can point to no authority suggesting that the Court read one in.[1]

As the Bankruptcy Court noted, a future interest is an ownership interest. Like estates in possession, future interests are descendible, alienable, and devisable. N.Y. E.P.T.L. § 6-5.1; see also In re Kreiss, 72 B.R. 933, 939 (Bankr. E.D.N.Y. 1987). In this case, although Debtors' ownership interest is not possessory, they occupy the Premises as their principal residence. Debtors, therefore, have satisfied both the "own" and "occupy" requirements of Section 5206.

The Trustee lodges two further protests: first, that this reading contravenes Section 5206's "clear and unequivocal provisions and intent"; and second, that this interpretation will have impermissible consequences--situations where two homesteads (the life tenant's and the remainderman's) exist

---

[1] In a footnote to his Reply, the Trustee claims that the Bankruptcy Court was incorrect in concluding that "neither exclusive possession nor exclusive ownership are, on the face of NYCPLR Section 5206(a), required to establish an exemptible interest." (Trustee Reply 2 n.2.) The Trustee is plainly wrong. Section 5206(a), by its terms, does not specify the circumstances of ownership or occupation required to claim a homestead exemption.

5

simultaneously on the same property. The Trustee does not offer persuasive authority for either argument, and the Court rejects both. As to the first, the Trustee points to nothing suggesting that Section 5206's drafters "clearly and unequivocally" intended to exclude remaindermen from claiming a homestead exemption. The Court thinks the opposite is true; had New York's legislature intended to limit the homestead exemption to those holding a fee simple absolute interest, it could have made such a limitation explicit. As to the second, the Trustee has not offered a persuasive reason why two homesteads existing on the same property would be an absurd result that ought to constrain the Court's reading of an otherwise plain statutory text.

As the Bankruptcy Court recognized, this case presents an issue of first impression in this Circuit and, absent any controlling authority to the contrary, the Court thinks it enough to say that Debtors satisfy Section 5206's "own and occupy" language by virtue of their vested future interest in the Premises and their occupying it as their principal residence pursuant to an oral lease. This reading of the statute is appropriate both from its plain text and in light of the principle, also noted by the Bankruptcy Court, that New York's

6

homestead exemption must be construed liberally in Debtors' favor to effectuate the statute's beneficial purpose. Cmt. to N.Y. STAT. § 291 ("[E]xemption laws, though in derogation of the common law, are to be liberally construed in favor of the beneficiary in order to carry out their apparent beneficent purpose."); see also In re Grucza, 413 B.R. 96, 97 (Bankr. W.D.N.Y. 2009); In re Moulterie, 398 B.R. 501, 504 (Bankr. E.D.N.Y. 2008).

The Court reaches this conclusion independent of the small body of caselaw interpreting other states' homestead provisions. Although many of these statutes are similar to New York's, the foreign authority is conflicting and ultimately unhelpful in understanding the words of Section 526. Compare In re Hildebrandt, 432 B.R. 852, 855 (Bankr. N.D. Fla. 2010) (under Florida law, debtor who lived with life tenant, the debtor's aunt, could exempt the property); In re Williams, 427 B.R. 541, 548 (Bankr. M.D. Fla. 2010) (under Florida law, debtor who lived with life tenant, the debtor's mother, could exempt property where the record evidenced debtor's family ties to, and personal and financial contributions to, the home); In re Kimble, 344 B.R. 546, 549 (Bankr. S.D. Ohio 2006) (remaindermen who lived with live tenant pursuant to an oral lease could exempt the

7

property); with In re Lingerfelt, 180 B.R. 502, 503 (Bankr. E.D. Tenn. 1995) ("Tennessee law does not permit a remainderman to claim a homestead exemption in the property to which his or her remainder interest attaches, even though the remainderman may reside on it with the permission of the life tenant."); In re Plaster, 271 B.R. 202, 206-07 (Bankr. M.D. Fla. 2001) (in case that pre-dates Hildebrandt and Williams, noting that Florida law does not apply the homestead exemption to remainder interests in land). In its research, the Court has not divined a coherent rule running through the conflicting cases from other states, and it does not rely on any particular foreign decision to affirm the Bankruptcy Order.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Order is AFFIRMED. The Clerk of the Court is directed to mark this appeal CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 14, 2011
Central Islip, New York